2009 MT 11N
IN THE MATTER OF PARENTING AND SUPPORT OF M.R.D., A Minor Child,
S. H., Petitioner and Appellant,
v.
K. D., Respondent and Appellee.
No. DA 07-0771.
Supreme Court of Montana.
Submitted on Briefs: December 17, 2008.
Decided: January 13, 2009.
For Appellant: Lee Rindal, Rindal Law Firm, Billings, Montana.
For Appellee: Steven A. Hanson, Hanson Law Office, Billings, Montana.
Justice Patricia O. Cotter delivered the Opinion of the Court.
¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶2 S.H., a Canadian citizen, and K.D., formerly a Montana resident, are the biological parents of M.R.D., born in Billings, Montana, in February 2007. While the parties were never married to each other, they both acknowledge the child is S.H.'s child. S.H. filed a Verified Petition for Paternity in March 2007 requesting the Thirteenth Judicial District Court to declare him the biological father and instruct the Montana Bureau of Vital Statistics to issue a new birth certificate for M.R.D. naming him as her father. Judge Todd was assigned to hear the case.
¶3 K.D. responded to S.H.'s Petition, admitted to the relevant allegations therein, and filed a counter-petition requesting an order requiring S.H. to pay her childbirth-related medical expenses and monthly child support in accordance with the Montana Statutory Child Support Guidelines from the date of M.R.D.'s birth. K.D. also asked that S.H. provide health insurance for the child and that the court adopt her Proposed Interim Parenting Plan, which was attached to her counter-petition, as a final parenting plan.
¶4 The District Court set a non-jury trial for May 2007, and ordered the parties to participate in pre-trial mediation. In April 2007, K.D. accepted a job in South Dakota and she and the child relocated. Shortly thereafter and prior to the scheduled trial, DNA results were presented to the District Court confirming that S.H. was M.R.D.'s biological father. As a result of the delay associated with DNA testing and K.D.'s relocation to South Dakota, pre-trial mediation did not occur within the time ordered by the District Court; therefore, on motion of K.D., the court rescheduled the trial for August 2007.
¶5 In late May 2007, S.H. filed a separate proceeding for the adjudication of parenting issues. Judge Watters, also in the Thirteenth Judicial District, was assigned to preside over this matter. K.D. made a limited appearance in that proceeding and sought dismissal, arguing that the court did not have personal or subject matter jurisdiction to determine a parenting plan because none of the parties resided in Montana. On July 5, 2007, Judge Watters granted K.D.'s motion to dismiss, with prejudice, in accordance with § 40-4-211(1), MCA, and the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act, Title 40, chapter 7, MCA.
¶6 On July 6, 2007, S.H. filed a proposed parenting plan in the matter currently before us on appeal presided over by Judge Todd. K.D. filed a motion in limine requesting the court to limit evidence and the issues for decision at trial to S.H.'s paternity and the establishment of child support. She specifically asked that evidence pertinent to S.H.'s proposed parenting plan be excluded on the grounds that res judicata barred any attempt to litigate parenting issues, and because no Montana court had jurisdiction over the parenting issues at that time.
¶7 On July 31, 2007, K.D. requested a continuance of the trial and an order compelling S.H. to submit income documentation for the purpose of calculating his child support obligations. The court granted the motion and ordered S.H. to produce specific and relevant documentation of income by August 20, 2007. It also rescheduled the trial for October 19, 2007. S.H. did not provide the documentation as ordered.
¶8 In September 2007, the court issued an order requiring both parties to exchange income documentation for the purpose of calculating child support obligations. The court also ordered that the evidence at trial would be limited and no evidence pertaining to a parenting plan would be admissible on res judicata grounds. The court specifically stated, "[b]ecause the issues at trial shall be limited to final adjudication of Petitioner's paternity and establishment of a child support obligation, the trial may be conducted on written submissions of counsel, and arguments of counsel on the day of trial if so desired; and neither party shall be required to appear and present evidence. Provided, however that the parties, or either of them, may appear before the Court at trial if so desired."
¶9 On October 11, 2007, K.D. filed an affidavit with the court presenting her income verification and documentation. She also submitted a completed Montana Child Support Guidelines Worksheet using her verified income amounts and "the best information available" to her as to S.H.'s income because S.H. had not yet produced the financial documentation ordered by the court. On October 16, 2007, S.H.'s counsel notified the District Court clerk that he intended to submit arguments in writing, in accordance with the District Court's September order, and that none of the parties need appear at the scheduled hearing. The clerk, in turn, notified K.D.'s counsel. However, on October 19, 2007, K.D.'s counsel was notified by telephone that S.H. and his attorney were appearing before the court and submitting income documentation. Having scheduled another appointment, K.D.'s attorney was unable to attend the trial but he agreed to the conditional admission of S.H.'s documentation. The District Court accepted the documents and instructed S.H. and his attorney to be available should K.D. or her attorney have questions. S.H. stated that he would prefer to answer questions in a courtroom setting but agreed to a telephone conference if necessary. However, he did not request a continuance or a second trial or indicate any interest in cross-examining K.D. Subsequently, on October 25, 2007, K.D. challenged each of S.H.'s exhibits and sought sanctions against S.H. for failing to timely comply with the court's order. She also asked the District Court to enter an order in accordance with her Proposed Findings of Fact, Conclusions of Law and Order.
¶10 On December 7, 2007, the District Court entered its Findings of Fact, Conclusions of Law, Order and Judgment. The District Court found that S.H.'s representations as to his income were incredible in that he failed to explain how a claimed gross annual income of $253,000 was reduced to taxable income of $17,000 to $59,000. In addition, the court concluded that S.H. was M.R.D.'s father and was obligated to provide financial and medical support for her. It ordered that the birth certificate be amended to identify S.H. as the child's father. It adopted K.D.'s child support calculation and ordered S.H. to pay $777 per month in child support to K.D. for M.R.D. commencing March 2007. Additionally, S.H. was ordered to pay unpaid child support in the sum of $7,756 and to provide medical support as specified by the court. S.H. timely appeals.
¶11 A restatement of the issue on appeal is whether the District Court deprived S.H. of his right to fully present his case and conduct an examination of K.D., prior to issuing its Findings of Fact, Conclusions of Law, Order and Judgment.
¶12 S.H. argues on appeal that when the District Court proceeded with the October trial without the appearance of K.D. or her attorney, the court indicated that the trial would be reconvened at a later date. S.H. asserts that he failed to complete his case-in-chief before the court adjourned the trial and the court's failure to reconvene the trial deprived him of his opportunity to complete his case, and to directly examine and cross-examine K.D. S.H. opines that this caused the District Court to improperly calculate child support and to enter an unjust order.
¶13 K.D. responds that in accordance with the September 12, 2007 order, both parties knew that the trial could be conducted on written submissions and without the requirement of appearance by either party. She maintains that she provided the court with the required documentation and an uncontested affidavit while S.H. disregarded the court's multiple orders to provide financial information until the day of the trial. Moreover, K.D. points out that S.H. never objected to the court's order that the trial could be conducted without appearance by the parties.
¶14 Our review of the record, including the trial transcript, reveals no indication by the District Court that the trial would be reconvened. The court merely instructed S.H. to "keep in touch" with his attorney, "so, if necessary, we could arrange a time and place that we can get you on the telephone and [K.D.'s attorney] could ask you questions." (Emphasis added.) While there was discussion that S.H. possibly could appear in person, given sufficient advance notice, neither S.H. nor his attorney requested that the trial be reconvened nor did they request an opportunity to examine K.D. in person. If any "miscommunication" errors occurred, as alleged by S.H., they occurred as a result of S.H.'s failure to comply with the District Court's numerous orders to provide the required documentation before the scheduled trial and the fact that he misled K.D.'s counsel regarding his intention to appear at trial. Based on the record before us, we conclude the District Court was not obligated to reconvene the trial, did not err in failing to do so, and did not deprive S.H. of his right to examine K.D.
¶15 It is appropriate to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the District Court conducted the proceeding in accordance with its pre-trial Order, and S.H. did not object to such a proceeding, nor did he ever protest that he had been deprived of his right of examination or his right to finish his case-in-chief. We further conclude that there was ample evidence in the record to support the District Court's Findings of Fact, Conclusions of Law, Order and Judgment. Therefore, we affirm.
JUSTICES JAMES C. NELSON, BRIAN MORRIS, W. WILLIAM LEAPHART, and JOHN WARNER, concur.